UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICARDO MANUEL OBANDO VARGAS,

Petitioner,

v.

TODD BLANCHE, et al.,

Respondents.

No. 1:26-cv-05343-DAD-AC (HC)

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING PENDING MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT

(Doc. No. 2)

On July 10, 2026, petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) That same day, petitioner filed a motion for temporary restraining order. (Doc. No. 2.) The court set a briefing schedule and directed respondents to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several cited prior cases that this court has decided. (*Id.*) On July 14, 2026, respondent filed an opposition to the motion for temporary restraining order and the declaration of deportation officer Joshua A. Manglona. (Doc. Nos. 7, 7-1.)

Based upon a review of the briefing, the court finds the following facts. On January 25, 2023, petitioner was ordered removed to Nicaragua and was granted withholding of removal pursuant to 8 U.S.C. § 1231(b)(3). (Doc. No. 1 at ¶ 4.) Petitioner was released from immigration

1

custody that same day.  (*Id.*)  On January 5, 2026, immigration authorities re-detained petitioner. (*Id.* at ¶ 5.)  Respondents have informed petitioner that they are seeking to remove him to Mexico, a third country not listed in his removal order.  (*Id.* at ¶ 7.)

In their opposition, respondent argue that petitioner is subject to detention pursuant to 8 U.S.C. § 1231(a)(6).  (Doc. No. 8 at 3–7.)  Respondents argue that petitioner is not likely to cooperate with the final removal order and accordingly may be detained past the presumptive six-month limitation on post-removal order detention identified by the Supreme Court in *Zadvydas v. Davis*, 533 U.S. 678 (2001).[1]  (Doc. No. 6 at 5–7.)  "*Zadvydas* places the burden on the [noncitizen] to show, after a detention period of six months, that there is good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future.  The [respondents] must then introduce evidence to refute that assertion."  *Pelich v. I.N.S.*, 329 F.3d 1057, 1059 (9th Cir. 2003) (internal quotation marks omitted).  Here, petitioner has clearly met his initial burden of showing there is good reason to believe he will not be removed in the reasonably foreseeable future:  Petitioner was granted withholding of removal to the only country to which an order has issued authorizing his removal.  *Gomez v. Mattos*, 817 F. Supp. 3d 1002, 1011 (D. Nev. 2025) (finding that the granting of a withholding of removal application satisfied the petitioner's burden to show there is good reason to believe that he would not be removed in the reasonably foreseeable future); *see also Singh v. Warden*, No. 1:26-cv-01242-DAD-JDP, 2026 WL 1413253, at *2–3 (E.D. Cal. May 20, 2026) (same).

---

[1]  Oddly, respondents make the argument that the three-factor balancing test identified by the Supreme Court in *Mathews v. Eldridge*, 424 U.S. 319 (1976) applies in determining whether due process requires release following a period of prolonged detention after the entry of a final removal order.  (Doc. No. 6 at 5–7.)  In this regard, respondents fundamentally misunderstand the inquiry mandated by the decision in *Zadvydas*.  As the Supreme Court has subsequently explained, in *Zadvydas* the Court construed § 1231(a)(6) to only authorize detention for a period reasonably necessary to secure removal, that "six months is a presumptively reasonable period" and that, after six months of detention following entry of a removal order, "if the [noncitizen] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must either rebut that showing or release the alien." *Jennings v. Rodriguez*, 583 U.S. 281, 298–99 (2018) (internal quotation marks omitted).  Accordingly, the question before the court regarding whether petitioner is entitled to release is whether 8 U.S.C. § 1231(a)(6) authorizes petitioner's detention, not whether due process mandates release.

Respondents argue that petitioner has failed to meet his burden because he has not complied with respondents' efforts to remove petitioner to the third country of Mexico. (Doc. No. 6 at 3, 5–7.) The Ninth Circuit has held that where a noncitizen "refuses to cooperate fully and honestly with officials to secure travel documents from a foreign government, the [noncitizen cannot meet his or her burden to show there is no significant likelihood of removal in the reasonably foreseeable future" in light of the statutory authority located at 8 U.S.C. § 1231(a)(1)(C). *Lema v. I.N.S.*, 341 F.3d 853, 856 (9th Cir. 2003). That statutory section permits tolling of the 90-day removal period if the noncitizen fails to "make timely application in good faith for travel or other documents necessary . . . to prevent the [noncitizen]'s removal *subject to an order of removal*." 8 U.S.C. § 1231(a)(1)(C). However, as noted above, petitioner has no removal order to Mexico. Respondents' argument appears to be that, because petitioner is not agreeing to voluntarily depart to a country he is not from and is under no legal obligation to go to, he may be detained indefinitely. This argument is frivolous and the court admonishes respondents' counsel to avoid wasting the court's time and resources with such arguments in the future.[2]

Respondents also argue at length that petitioner's criminal history shows that he is a danger to the community and that this alone demonstrates that he is unlikely to comply with the removal order which justifies further detention. (Doc. No. 6 at 4, 6–7.) However, the Ninth

_____

[2] The court observes that respondents have previously raised a similar argument regarding the second prong of *Zadvydas*, namely attempting to rebut a petitioner's showing that they are unlikely to be removed in the reasonably foreseeable future by arguing that the petitioners could be removed shortly if they consented to third country removal. *See, e.g. Castillo Rivas v. Bondi*, No. 26-cv-00134-KKE, 2026 WL 295705, at *3 (W.D. Wash. Feb. 4, 2026) (evaluating whether the respondents' representation that Mexico accepts third country removals rebutted the petitioner's showing that Mexico will not accept any third country removal who does not voluntarily consent). The court does not express a view in this order as to whether such an argument is without merit, but observes that it is not clearly frivolous. However, that is not the argument which the court addresses here where respondents instead argue that petitioner is failing to comply with a fictional removal order and that detention is authorized due to lack of compliance. As one district court aptly observed, "[r]espondents may not rely on petitioner's refusal to go along with their *improper* efforts to remove him to a third country as a basis for denying him habeas relief." *Boza-Rosales v. Blanche*, — F. Supp. 3d —, 2026 WL 1412456, at *3 (W.D. Wash. May 15, 2026) (emphasis added).

3

Circuit has held that "dangerousness cannot justify indefinite detention under *Zadvydas*[.]" *Tuan Thai v. Ashcroft*, 366 F.3d 790, 798 (9th Cir. 2004); *see also Yakoub v. Marin*, No. 5:26-cv-01399-JAK-RAO, 2026 WL 922015, at *6 (C.D. Cal. Mar. 31, 2026) ("Under binding Supreme Court and Ninth Circuit precedent, a noncitizen's danger to the community is not material in the *Zadvydas* analysis."). Indeed, the Supreme Court in *Zadvydas* explicitly noted that Kestutis Zadvydas had a "history of flight, from both criminal and deportation proceedings," but still found that the justification of preventing flight, which such criminal history supported, was "weak or nonexistent where removal seems a remote possibility at best." *Zadvydas*, 533 U.S. at 684, 690. In short, binding Ninth Circuit and Supreme Court authority forecloses the import of criminal history in determining whether petitioner is entitled to release from detention pursuant to 8 U.S.C. § 1231(a)(6), both insofar as that history suggests petitioner is a danger or a risk of flight.

Moreover, a review of 8 C.F.R. § 241.14 shows that respondents' own regulations do not permit detention where "there is no significant likelihood that the [noncitizen] will be removed in the reasonably foreseeable future[]" except where certain special circumstances are present. 8 C.F.R. § 241.14. Respondents have not argued the presence of any of these special circumstances. The court notes that it has previously reminded respondents' counsel, Assistant U.S. Attorney Elisa M. Rodriguez, multiple times that criminal history is not relevant to the inquiry established in *Zadvydas v. Davis*, 533 U.S. 678 (2001) and advised counsel not to clog this court's docket with irrelevant evidence. *See Singh v. Warden, Golden State Annex Det. Facility*, No. 1:26-cv-04177-DAD-CSK (HC), 2026 WL 1679463, at *1 n.1 (E.D. Cal. June 10, 2026); *Medina v. Warden, Cal. City Immigr. Processing Ctr.*, No. 1:26-cv-04746-DAD-JDP (HC), 2026 WL 1864685, at *1 n.2 (E.D. Cal. June 29, 2026). Nonetheless, counsel has persisted. Respondents' counsel is again encouraged to review binding Supreme Court and Ninth Circuit precedent and, if she chooses to pursue the argument that a petitioner may be detained where there is no significant likelihood of removal based on criminal history again in the future, to provide specific legal authority supporting this proposition.

/////

4

The court adopts its reasoning set forth in *Yang v. Kaiser*, No. 2:25-cv-02205-DAD-AC (HC), 2025 WL 2791778, at *4–5 (E.D. Cal. Aug. 20, 2025) and *Ruiz-Acosta v. Central Valley Annex*, No. 1:26-cv-04371-DAD-JDP (HC), 2026 WL 1846727, at *3 (E.D. Cal. June 26, 2026), and concludes that respondents have not demonstrated changed circumstances regarding the likelihood of petitioner's removal in the reasonably foreseeable future as is required to justify revocation of petitioner's release and his detention.  Accordingly, the court will grant the pending petition.

For the reasons explained above,

1.     Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:

a.     Respondent is ORDERED to immediately release petitioner Ricardo Manuel Obando Vargas, A-File No. 028-822-019, from respondents' custody on the conditions, if any, he was subject to prior to his detention on January 6, 2026;

b.     Respondent is ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge;

2.     Petitioner's motion for temporary restraining order (Doc. No. 2) is DENIED as having been rendered moot by this order granting habeas relief;

3.     The Clerk of the Court is directed to serve a copy of this order on the California City Detention Facility; and

4.     The Clerk of the Court is also directed to ENTER judgment in favor of petitioner and to close this case.

IT IS SO ORDERED.

Dated:   **July 15, 2026**                        _____
                                                        DALE A. DROZD
                                                        UNITED STATES DISTRICT JUDGE

5